## M. C. Clay, Insurance Commissioner, et al. v. Hartford Life Insurance Company.

(Decided November 23, 1915.)

### Appeal from Franklin Circuit Court.

Taxation—Foreign Assessment Life Insurance Companies—Section 4226, Kentucky Statutes.—Under section 4226, Kentucky Statutes, foreign assessment life insurance companies are required to report the amount of their dues and assessments and are properly taxable thereon.

JAMES GARNETT, Attorney General, and M. M. LOGAN, Assistant Attorney General, for appellants.

BROWN & NUCKOLS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

The question presented by this appeal is whether or not the Hartford Life Insurance Company, an assessment life insurance company, is taxable on its assessments under and by virtue of section 4226, Kentucky Statutes. To determine the question the company brought suit against the Insurance Commissioner and Auditor of Public Accounts. A demurrer to the petition was overruled, and the defendants declining to plead further, judgment was rendered enjoining them from collecting the tax. The defendants appeal.

It appears from the petition that plaintiff is a corporation organized under the laws of the State of Connecticut and authorized to do business in Kentucky. On January 1, 1913, it sold out its business in this State and elsewhere to another insurance company. The sale was approved by proper authorities of the States in which it had done business and became effective February 17, 1913. After that date it ceased to solicit any new business in the State and is now merely engaged in carrying out its contracts of life insurance upon the assessment plan only, which were entered into prior to said date. The nature of the business conducted in this State is the payment of certain benefits accruing under said contracts to the beneficiaries named therein. Payment of the benefits provided by said contracts is wholly dependent upon the collection of assessments levied upon members holding similar contracts, "and not upon the collection of any premium, and no premiums have been since said date collected by it." The company retains no part of said assessments and derives no profit whatever therefrom, but the cost of administration is covered by an admission fee of $10.00 per thousand of insurance, paid by each member when his certificate of membership is issued, all of which was paid prior to February 17, 1913, and dues in the sum of $3.00 per thousand of insurance are paid each year by each member, either in annual, semi-annual or quarterly installments. It also appears from the petition that all the contracts outstanding in this State contain the following provision:

"And that in case the laws of any country, state or municipality in which the member or his beneficiary may reside, shall require a tax to be paid by said company on account of any moneys collected thereon said member agrees to pay the amount of such tax to said company in addition to the payments hereintofore named, as part of the payments needed to hold this certificate in force, either in connection with the payments of assessments and annual dues or otherwise, as said company may from time to time elect."

It is further alleged in the petition that if the commissioner is permitted to collect the tax it would cause an increase in the assessment of the members residing in this State, to the extent of such tax, and that this

would result in direct hardship and injustice to each and every member in this State.

Section 4226, Kentucky Statutes, is as follows:

"SUBDIVISION II.

"Foreign Life and Industrial Companies.

"4226. (1) Reports and Taxes. Every life insurance company, other than fraternal assessment life insurance companies, not organized under the laws of this State, but doing business therein, shall, on the first day of January in each year, or within thirty days thereafter, return to the Auditor of Public Accounts for deposit in the insurance department a statement under oath of all premiums receipted for on the face of the policy for original insurance and all renewal premiums received in cash or otherwise in this State, or out of this State, on business done in this State during the year ending the 31st day of December, and no deductions shall be made for dividends, or since the last returns were made, on all premium receipts, which shall include single premiums, annuity premiums, and premiums received for renewal, revival or reinstatement of policies, annual and periodical premiums, dividends applied for premiums and additions, and all other premium payments received during the preceding year on all policies which have been written in, or on, the lives of residents of this State, or out of this State, on business done in this State, and shall at the same time pay into the State Treasury a tax of two dollars upon each one hundred dollars of said premiums as ascertained. Every life insurance company not organized under the laws of this State, but doing business therein on what is known as the industrial insurance plan, whereby weekly premiums are collected, shall at the same time make a return to the Auditor of Public Accounts for deposit in the Insurance Department, a statement under oath of all premiums received on insurance written exclusively on the industrial plan, and shall at the same time pay into the State Treasury a tax of two dollars upon each one hundred dollars of said premiums as ascertained. Any insurance company mentioned in this section doing insurance business other than on the industrial plan shall make reports and pay into the State Treasury the taxes due thereon under each report."

Plaintiff is authorized to do business in this State as an assessment life insurance company under and by virtue of sub-division III., article IV., Kentucky Statutes, entitled "Assessment of Co-operative Life Insurance Companies."

To sustain the contention of plaintiff that it is not taxable under section 4226, Kentucky Statutes, it is argued that that section provides for the payment of a tax on premiums alone, and nowhere provides for a tax on assessments. It is further argued that the various sections of sub-division III., article IV., Kentucky Statutes, define assessment of co-operative life insurance companies, provide for their organization, prescribe the terms on which they can do business in the State, and further provide that such companies "shall be subject only to the provisions of this sub-division." It must be remembered, however, that the provisions of sub-division III., article IV., Kentucky Statutes, do not relate in any way to the question of taxation. They cover merely the subjects above referred to and do not in any wise restrict the right of the legislature to impose a tax on assessment companies, nor do they evince a legislative intent not to do so. The only question in the case, therefore, is whether or not section 4226 of the Kentucky Statutes is broad enough to cover assessment companies. By its very terms, it embraces "every life insurance company, other than fraternal assessment life insurance companies, not organized under the laws of this State, but doing business therein." Clearly plaintiff is a life insurance company. It is not organized under the laws of this State. It is doing business in this State, and, though an assessment life insurance company, it is not a fraternal assessment life insurance company. The statute plainly provides for a statement of all premiums receipted for on the face of the policy for original insurance and all renewal premiums received in cash or otherwise in this State or out of this State on business done in this State during the year ending the 31st day of December. It goes further and provides that no deduction shall be made for dividends, or since the last returns were made, on all premium receipts, which shall include single premiums, annuity premiums, and premiums received for renewal, revival or reinstatement of policies, annual and periodical premiums, dividends applied for premiums and additions,

and "all other premium payments received during the preceding year on all policies which have been written in, or on, the lives of residents of this State." The statute provides for a tax of $2.00 on each one hundred dollars of said premiums as ascertained. In view of the fact that the statute plainly shows a legislative purpose to tax assessment life insurance companies, other than fraternal assessment life insurance companies, and in view of the use, not only of the word "premium," but of the words "premium receipts" and "premium payments," we think it clear that the legislature intended to tax the premium income, or the charge for the insurance, regardless of the manner or form of payment or of the name by which it might be called. Here the plaintiff receives from its members in this State dues amounting to $3.00 per annum on each one thousand dollars of insurance. These dues are fixed in advance and are payable just as premiums are paid. That they are called "dues" instead of "premiums" is immaterial. They serve exactly the same purpose. Though it does not clearly appear from the petition, we take it that if the dues be not sufficient to discharge the company's obligation, then additional assessments may be made. When or how often this occurs does not appear. Since the assessments are a portion of the charge for insurance, we conclude that both the assessments and so-called dues should be covered by the report which the company is required to make, and are properly taxable under the statute. It follows that the trial court should have sustained the demurrer to the petition.

Judgment reversed and cause remanded for proceedings consistent with this opinion.